IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| FRANK T. GANGI, | ) |
|        Plaintiff, | ) |
| vs. | ) CIVIL NO. 10-106 |
| THE UNITED STATES VIRGIN ISLANDS, THE VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE and DOES 1-99. | ) |
|        Defendants. | ) |

MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion and amended motion to file the complaint and all subsequent pleadings this case under seal.[1] As grounds for these motions, plaintiff asserts that the case involves sensitive financial taxpayer information, and that "upon information and belief," this case is related to an on-going investigation "regarding the theft and the attempted fraudulent negotiation of Plaintiff's refund check." Plaintiff maintains that the case should be sealed in part so as not to compromise the criminal investigation.

In *In Re: Cendant Corp.*, 260 F. 2d 183, 192 (3d Cir. 2001), the Court of Appeals for the Third Circuit recognized that there is a "common law right of access to judicial proceedings and records" in both civil and criminal cases. *In Re: Cendant Corp.*, 260 F. 2d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corporation*, 851 F. 2d 673, 677-78 (3d Cir. 1988)). The Third Circuit in *Cendant* further noted that "the public's right to access . . . 'envisions a pervasive common law right to inspect and copy public records and documents, including judicial records and documents.'" 260

---

[1] Plaintiff has not provided a copy of the proposed complaint for the Court's review, under seal or otherwise.

F.2d at 192 (citing *Leucadia, Inc. v. Applied Extrusion Tech.,* 998 F.2d 157, 161 (3d Cir. 1993)). The common law right to access to judicial proceedings or documents is not absolute, and "[t]he presumption of public access may be rebutted." 260 F. 2d at 194 (citations omitted). To successfully rebut the public access presumption and seal a judicial proceeding or document, a party "bears the burden of showing that the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (citations omitted). Further, the injury to be prevented must be delineated with specificity, and "broad allegations of harm bereft of specific examples or articulated reasoning, are insufficient." *Id*.

Here, plaintiff seeks to seal the entire case file on the basis that "upon information and belief" this case is related to an ongoing criminal investigation, and its file should be sealed so as not to compromise the investigation. This alleged potential injury is not to the party seeking closure of the file, as the potential compromise of a possible ongoing criminal investigation is not a specific harm or injury to the plaintiff. Under *Cendant*, therefore, plaintiff has failed to rebut the public access presumption.

Moreover, the Court is satisfied that Rule 5.2 of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 5.4(l) provide sufficient guidance to counsel on how to file pleadings or documents with personal data identifiers, or documents with confidential or sensitive information, so as to protect them from public access. To the extend that it becomes necessary for plaintiff to file such documents, then plaintiff may file redacted versions of these documents.

In sum, the Court finds that the plaintiff has not rebutted the presumption of the common law right to public access to this file. Further, the Court finds that redaction of personal data identifiers from plaintiff's financial taxpayer records and other confidential or sensitive documents sufficiently limits the public access to plaintiff's personal information. Accordingly, the premises considered, it is hereby

ORDERED that plaintiff's motions are DENIED; it is further

ORDERED that plaintiff shall redact personal data identifiers or confidential or sensitive information from documents to be filed; and it is further

ORDERED that, to the extend such redactions render the reading of a particular document meaningless, then plaintiff may file a motion to seal said document.

DATED: October 13, 2010          S_____
                                 **RUTH MILLER**
                                 United States Magistrate Judge